SIMONTON, Circuit Judge.
This case comes up by writ of error to the circuit court of the United States for the Western district of Virginia. The plaintiffs in error (defendants below) are the receivers of the Norfolk & Western Railroad Company, one of the divisions of which runs from Bristol, Va., and crosses the Baltimore & Ohio Railroad at Shenandoah Junction. The defendant in error (plaintiff below), a dealer in poultry, had hired a car from the plaintiffs in error to transport poultry from Bristol to Washington, and his car, which formed a portion of a freight train which left Bristol, was to have been, when it reached Shenandoah Junction, switched off from the Norfolk & Western to the Baltimore & Ohio road. The plaintiff below was in the caboose attached to the train, with several other passengers, dealers in live stock, who had cars in said train. As the train was approaching the junction, the conductor aroused the passengers, including the plaintiff, telling them that it was time to go to their cars. The plaintiff below did not rouse himself immediately, and did not prepare to get out until the train was very near the junction, and when it was slacking to go on the siding. He then, with others, went out of the forward door of the caboose, and started to climb a ladder on the box car nearest to it, intending to proceed over the tops of the cars to his poultry car, some cars off. As he was ascending the ladder, there were indications that the train was about to stop. He hastened up the ladder, but, as he reached the top, the train stopped with a sudden and violent jerk, and he was caught between the projecting top of the caboose and the freight car next to it, and was seriously hurt. There was evidence tending to show that any one in the caboose could have gotten on the ground, and have walked along the train of cars to any car he wished. There was evidence also tending to show that it was the custom for persons who had cars (parts of the train) to visit them by getting on the tops of (he cars. There was evidence also tending to contradict this evidence of such a custom. There was evidence also tending to show that there was some defect in the bumper of the box car next to the caboose, *241 with evidence also tending to show the contrary of this. The plaintiff below, having thus been injured, brought his action. His declaration contained two counts. The first count, stating the leading facts, charged that the plaintiff was injured because of the carelessness, negligence, defective appliances, default, and unbecoming conduct of the defendants, and because, while the caboose was in motion, the plaintiff was required to leave the caboose, he being a passenger therein, and ordered to go forward to the car of poultry. The second count charged, as the cause of the injury, that the said caboose was not properly provided with bumpers and deadwood, and that there was not sufficient space left between it and the top of the next box car. Testimony was taken. The ease was submitted to the jury, the requests of the defendants to charge having been refused, certain instructions were given by the court. The jury found for the plaintiff below, and. the cause is here on the assignments of error.
It is unnecessary to discuss but two of these, the fourth and the fifth. The fourth assignment of error is as follows:
“Fourth. The court erred in refusing to give the instruction asked by defendants, which instruction was as follows: ‘The court instructs the jury that if they believe from the evidence that the plaintiff, at the time he sustained the injury complained of, was a passenger on a freight train of defendants’ road by reason of being in charge of a car load of poultry; and if they further believe from the evidence that it was the custom or habit of shippers in charge of shipments of poultry, when the train arrived at or near Shenandoah Junction, to go to the ears containing their shipments by passing from the caboose over the tops of intervening cars while the train was in motion; and if they further believe from the evidence that the defendants made no objection to such practice on the part of such shippers; and if they further believe from the evidence that the injury complained of was received by the plaintiff while climbing to the top of a car of the train in question, while said train was in motion, for the purpose of going to the ear containing his shipment, or for the purpose of going upon the train of the connecting railroad, by which the car containing his shipment would be carried forward; and if the jury further believe from the evidence that, if the plaintiff had not attempted climb to the top of the car adjoining the caboose, he would not have sustained the injury complained of,—the jury should find for the defendants, unless they further believe from the evidence that it was necessary for the plaintiff to go over the said train, while it was in motion, for the purpose of reaching the car containing his shipment, or for the purpose of going upon the train of the connecting railroad by which the car containing his shipment would be carried forward.’ ”
The refusal to give this instruction was error. The effort of the plaintiff in attempting to get on the top of the box car next the caboose, for the purpose of walking over the tops of the other cars to his car, was attended with manifest danger, especially as the train was in motion. Railroad Co. v. Lindley, 42 Kan. 714, 22 Pac. 703. Nothing could justify the attempt except its necessity. It is the duty of the carrier to carry his passengers safely. It is equally the duty of the passenger (a reasonable being) to avoid all unnecessary risks. Hickey v. Railroad Co., 14 Allen, 429. “A man is guilty of culpable negligence when he does or omits to do an act that an ordinarily prudent person in the same situation, and with equal experience, would not have done or omitted to do, or when he voluntarily exposes himself to a danger which there was no occasion for him to incur in the proper discharge of his duties.” Railway Co. v. Carpenter, 12 U. S. *242 App. 398, 5 C. C. A. 554, and 56 Fed. 454. In the present case there was evidence hearing upon the question whether it was necessary for the plaintiff to go over the tops of the cars, or whether he could not as well have walked on the ground. This question should have been submitted to the jury.
The court also erred in giving instruction No. 1 to the jury, which is made the fifth assignment of error. It is in these words:
“It was not fault in the plaintiff if, being a shipper in charge of poultry on a freight train, he was passing from one car to another over the tops of the cars, if he exercised caution in doing so, and had not been warned against doing so by the conductor of the train.”
Nothing would justify a person in getting upon and passing over the tops of the cars while in motion, unless it was the usual method (perhaps the only method) by which the separate cars could be reached. This question was the subject of contradictory testimony. Both sides produced witnesses 'to sustain, the one its assertion, the other the contradiction. This charge of the court assumed that it was an admitted fact.
The case must go back for a new trial. It is ordered that the judgment below be reversed, and that the case be remanded to the circuit court, with instructions to grant a new trial.